IN THE

# United States District Court for Maine

| | | |
|---|---|---|
| ANDREW U. D. STRAW, | ) | Case#: 2:25-cv-00379-JAW-KFW |
| *Plaintiff*, | ) | |
| | ) | Hon. John A. Woodcock, Jr. |
| v. | ) | Judge Presiding |
| | ) | Hon. Karen Frink Wolf |
| UNITED STATES | ) | Magistrate Judge |
| *Defendant*. | ) | BENCH TRIAL DEMANDED |

### NOTICE OF CLARIFICATION ABOUT REMEDY SOUGHT

1. Section 504 of the Rehabilitation Act allows for both compensatory damages and equitable relief.

2. My complaint, Dkt. 1, appears to ask for both and I would like to clarify what I desire as a remedy from the U.S. Department of Justice's CLJA programs.

3. The **Elective Option** has already been offered to a tiny minority of Camp LeJeune victims.

4. I have claimed that this "EO" is discriminatory in several respects and I still believe that it represents deliberate indifference to the suffering and a kind of baiting victims with the possibility of a little bit of justice for a tiny sliver of the victims after this poisoning started in 1953, 72 years ago.

5. It's called *teasing* and that is a classic type of disability discrimination. Like calling someone a "SPED" or a "cripple" or any other number of epithets.

6. No compensatory damages need to be granted.

1

7. The remedy here is equitable.

8. The EO can be modified by the Court and deemed to have certain features as a matter of law to deal with the intentional discrimination I have alleged and proven as indifference.

9. The EO can and should cover every condition without forcing the victims, disabled, to use very burdensome trial procedures one track at a time that make take decades. EVERY CONDITION SHOULD BE COVERED that a victim placed in their **SF-95 CLJA claim forms** to Navy JAG or in their **Short Form Complaints**. My short form complaint, as mentioned in my COMPLAINT here, was Dkt. 55. My first SF-95 appears at Dkt. 1-2. In total, **$106,000,000**.

10. This dance of purging discrimination has three steps. The first is **accepting all of the conditions**, as the EO does not do currently, discriminating at present.

11. The second step is **accepting the damage amounts** as presented in the SF-95 forms, which are **made under oath**.

12. The Court in its equitable powers can say that there is a cap to damages on public policy grounds, such as **$150,000,000 for a single claimant**. The EO can accept exactly what is alleged in the SF-95 claim as the amount the EO will pay, up to that equitable cap per claimant. An estate is a claimant separate from its beneficiaries. So, a Child of Camp LeJeune can be paid up to the cap and the dead mother (estate) of that child also can be paid up to the cap, according to what is on the claim forms.

13. Instead of burdensome litigation that takes years, the very easy remedy is to accept that the victims were injured to that degree after this matter has been pending without justice since 1953. U.S. DOJ is a big part of why it has taken this long to respect the injuries the U.S. Marine Corps caused. Every delay since the [Commandant acknowledged the problem in 2004](#) has been wholly the DOJ and Navy JAG refusing to give justice and *take responsibility*. This is the "AFFIRMATIVE DUTY" to which I referred in my COMPLAINT.

14. Moreover, beyond compensation under the EO, the EO should not allow the victims to be drained after settlement by medical and dental costs so that they suffer in poverty anyway. Because of the discrimination and the delay, the DOJ must provide full health coverage to every claimant prospectively. That means the victim can purchase health care and present the cost to the government for full payment. The Judgment Fund must pay this as it is accrued and it must be considered part of the EO settlement even as these costs grow since it is not possible to predict what the costs will be until they happen.

15. Finally, the Rehabilitation Act of 1973 allows for attorney fees to vindicate these rights. It should be established that the government needs to pay the attorney fees for any person who accepts the EO, and the amount is 20% of the claim if the claim was resolved at Navy JAG or 25% if the EO resolved a matter that was filed in Court. There is no way, at 72 years of lies, discrimination, and resistance, that the victims should be paying their own attorney fees. The EO should include both the damages and payment of all attorney fees.

WHEREFORE, I hereby NOTIFY the Court that I believe compensation is not the answer but instead equitably <mark>changing the terms of the existing EO</mark> so as to alleviate past discrimination that this Court may find in that program as well as the litigation itself. The EO must be deemed to offer settlement to every victim with a Camp LeJeune Justice Act claim or lawsuit, like myself. Every condition must be covered instead of burdening victims with litigation delays, since that was the *purpose of the EO* in the first place and CLJA more generally. Payment is expected, not 1,900 years of litigation because there are so many victims. The damages must be what is claimed up to an equitable cap that I suggest should be $150,000,000 per claimant. Attorney fees must be paid by the government via the EO. And health coverage must be provided by the EO as well by allowing the victims to present their health care costs for payment as accumulated, with no cap. In sum, CLJA does not exist by itself. The rights to justice in CLJA are **protected further** by the requirement not to discriminate when the victims like myself have disabilities, under Section 504 of the Rehab Act.

I, Andrew U. D. Straw, verify that the above factual contentions and statements are true and correct to the best of my knowledge, information, and belief, on penalty of perjury. Signed: <mark>July 22, 2025</mark>.

Respectfully,

*[signature: Andrew U. D. Straw]*

s/ ANDREW U. D. STRAW
9169 W. State ST, STE 690
Garden City, ID 83714-1733
Mobile Phone: (847) 807-5237
andrew@andrewstraw.com

4

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that on July 22, 2025, I sent this **NOTICE OF CLARIFICATION REGARDING REMEDIES SOUGHT** via email to the Clerk of Court. Counsel for Defendant is the Attorney General of the United States, Hon. Pamela Bondi.

Respectfully submitted,

s/ ANDREW U. D. STRAW
*Pro Se Plaintiff*
9169 W. State ST, STE 690
Garden City, ID 83714-1733
Mobile Phone: (847) 807-5237
andrew@andrewstraw.com