IN THE

# United States District Court for Maine

| | |
|---|---|
| ANDREW U. D. STRAW,  )  | Case#: 2:25-cv-00379-JAW-KFW |
| *Plaintiff*,  ) | |
|  ) | Hon. John A. Woodcock, Jr. |
| v.  ) | Judge Presiding |
|  ) | Hon. Karen Frink Wolf |
| UNITED STATES  ) | Magistrate Judge |
| *Defendant*.  ) | BENCH TRIAL DEMANDED |

## NOTICE OF ANOTHER DOJ RESPONSE TO A CIVIL RIGHTS COMPLAINT FURTHER EVIDENCING THE "DELIBERATE INDIFFERENCE" PROBLEM

1. Before I filed this lawsuit, I made a complaint to the Civil Rights Division of the U.S. Department of Justice regarding a long pattern of disability discrimination in the form of **"deliberate indifference"** by the state supreme court where I used to work. Approximately 8 years of it in that case.

2. I attach my complaint as **Exhibit 1**, DOJ Record Number 637917-GNW.

3. The DOJ Civil Rights Division refused to do anything *again*, saying it has thousands of complaints and it just can't act on everything. **Exhibit 2** is that emailed response under the same Record Number: 637917-GNW.

4. I have made complaints to the U.S. DOJ Civil Rights Division and especially to the Disability Rights Section so many times as **a disabled lawyer** and the response is always the same. **Too busy, too bad, take care of it yourself.** And again, the link below shows the kinds of cases DOJ takes by comparison, while ignoring the fact that an ADA Title II covered **state supreme court** is hurting

1

its own former employee who ==became disabled driving to that court to work==, transporting another employee of that court who was also disabled like me by the reckless driver. And, I am also disabled from Camp LeJeune, of course.

5. https://www.justice.gov/crt/case-summaries

6. As the court can see, very few cases involve the kind of *urgency* as my unjustified 8-year suspension BEYOND THE ORIGINAL 180 DAYS as a matter of ==*"deliberate indifference"*== by a covered Title II entity. And the original complaint about me being "mentally incompetent" (invoking my Camp LeJeune disabilities) was written by that covered entity's *ADA coordinator* as a retaliation against my petition to address 14 years of disability discrimination by my former employer, I alleged. It's all in the *Straw v. LinkedIn* case, **Dkt.** 22-5 being my petition and **Dkt.** 22-6 being the ADA coordinator attack with a lawyer discipline complaint. The ==two blistering rejections== of the Indiana attack on me appeared at **Dkt.** 22-21 and **Dkt.** 22-22.

7. I am not even able to make a complete record like that in the 7th Circuit because of this illegal, due process shredding 7th Circuit filing ban, appeal 17-1338, **Dkts. 79, 80, 81, & 82**. I had to wait until LinkedIn attacked me for criticizing Indiana and banned me from their service. Suffice it to say, LinkedIn settled with me after all and gave back my account in active status. I had to wait until the infection from the Midwest (state and federal) reached California with LinkedIn so I could create a record there in the U.S. District Court for the

Northern District of California, which I did. *Straw v. LinkedIn*, 5:22-cv-7718-EJD (N.D. Cal. 2023) (esp. **Dkts. 22-1 to 22-58**).

8. This represents <mark>systemic discrimination by a state supreme court</mark> that covers over 6 million people, with one estimate that 883,592 disabled people are stuck under that state's discriminating court system. My case should be the most important one of all. DOJ should step in and set a precedent for other state supreme courts to follow. That's extremely serious, a state supreme court with hardly any chance of SCOTUS review (1% chance). Namely, that state supreme courts are not above the ADA and can't attack their disabled former employees. I can't even oppose the discrimination with the 7th Circuit banning me from making any filing in the district courts in its area because I objected, repeatedly, to <mark>that court hiring my appellee</mark>, something I have not changed my opinion about since I complained in a petition for writ of certiorari, (notably without any Indiana objection to the facts I presented) so I remain banned.

9. That's the kind of court violation that I face and DOJ is part of the problem. DOJ's turning a blind eye to such severe disability discrimination by a state supreme court and its allies in the U.S. Courts of Appeals for the Seventh Circuit is <mark>"deliberate indifference" from DOJ</mark> that ratifies what Indiana did instead of holding those people to account for their actions. DOJ knows I cannot make any filing in federal court there, USCA7 case 17-1338, so saying I should file my own lawsuit is about <mark>as indifferent as DOJ could possibly get</mark>.

10. It is the same pattern that is so evident in the Elective Option and the CLJA litigation. They don't care. They wish disabled people ill will and won't help. Not helping is ==deliberate discrimination through indifference==.

11. A sexual harassment suit in a single school district does not even come close, not remotely close to the gravity of what that state supreme court did in suspending me for 8.5 years, the dead chill to other disabled lawyers who simply want to enforce the ADA but would be afraid after how I was treated even though I WORKED FOR THE CHIEF JUSTICE OF THAT STATE. But those cases in the link are the kinds of cases, miniscule in scope, that **take precedence over me** and so many victims who have experienced discrimination at the hands of the U.S. DOJ and its Civil Division, which **ratify state supreme court discrimination** as I have proven and don't care about Camp LeJeune poisoning victims getting their full measure of justice without having to wait decades more, or 1,900 years, as Judge Dever said it would take doing it all by trials.

12. To be honest, the response that chooses not to act and evaluate the discrimination is simply more evidence of the U.S. DOJ and its deliberate indifference to disability rights. Even the Civil Rights Division will not give its services to me when my case and my comrades' cases demand action and supervision from one part of the DOJ over another and the Civil Rights Division over state supreme courts. It is the same problem. Inaction with

boilerplate fobbing off emails like **Exhibit 2** is so ==discriminatory and dismissive==.

13. The Civil Division must be subjugated to the Civil Rights Division and it must be supervised when a Camp LeJeune victim says there is discrimination as I do. The same must be said of a state supreme court that discriminates based on disability, as happened to me. The Civil Rights Division needed to take action but ==*because it is me*==, there is <u>no action==, just like always==</u>.

14. Section 504 is extremely important for the Civil Rights Division in its protection of disability rights. So is ADA Title II enforcement on state supreme courts. We know Title II applies to state courts and there is no immunity because of *Tennessee v. Lane*, [541 U.S. 509](#) (2004).

15. When DOJ chooses *tiny cases* over *massive ones*, recent violations over violations lasting fully <u>8+ years</u> in the case of the Indiana Supreme Court and <u>73 years</u> as in the case of Camp LeJeune, this just shows how right I am every single time. DOJ doesn't care. It acts consistently with ==deliberate indifference==. No matter what the context, they don't care about massive violations of disability rights. They appear to take tiny cases for public relations purposes instead of addressing systemic discrimination, <u>the kinds of matters I bring to them on a silver platter</u>.

16. This is why my demand that the Elective Option be commandeered and crafted to address all the discrimination that DOJ has engaged in against these

patriotic individuals and their families. DOJ must not be allowed to get away with it AGAIN like it always seems to. This Court has an opportunity to address a systemic discrimination problem at DOJ by addressing it in the largest environmental tort situation in U.S. history. 1 million Marines and their families. DOJ should be ashamed of itself, but it never is.

WHEREFORE, I hereby NOTIFY the Court about the complaint I made against the Indiana Supreme Court prior to lawsuit in July, and the fobbing off response that exhibits so clearly the exact discrimination of which I speak. Twice in one month, DOJ fobbed me off. Failure to address or even examine discrimination by the Civil Division itself and a state supreme court where I used to work and I know of what I speak from personal experience. Because *I ask review* of the DOJ for discrimination in the most massive case that is likely ever to come before DOJ (as a victim myself), and I ask review of the Indiana Supreme Court discrimination (as a victim myself), NO OTHER CASE can be more important than *my complaints*. It all points to deliberate indifference to disability discrimination that is hurting patriotic individuals and families. This Court needs to know the pattern.

I, Andrew U. D. Straw, verify that the above factual contentions and statements are true and correct to the best of my knowledge, information, and belief, on penalty of perjury.  Signed: July 24, 2025.

Respectfully,

*Andrew U. D. Straw*

s/ ANDREW U. D. STRAW
9169 W. State ST, STE 690
Garden City, ID 83714-1733
Mobile Phone: (847) 807-5237
andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that on July 24, 2025, I sent this **NOTICE** with **2 EXHIBITS** via email to the Clerk of Court. Counsel for Defendant is the Attorney General of the United States, Hon. Pamela Bondi.

Respectfully submitted,

*[signature: Andrew U. D. Straw]*

s/ ANDREW U. D. STRAW
*Pro Se Plaintiff*
9169 W. State ST, STE 690
Garden City, ID 83714-1733
Mobile Phone: (847) 807-5237
andrew@andrewstraw.com

**EXHIBIT LIST**

- **EXHIBIT 1** – Straw's Complaint to U.S. DOJ Civil Rights Division re Indiana Supreme Court "deliberate indifference."

- **EXHIBIT 2** – Civil Rights Division Response Refusing to Act (representing more *deliberate indifference* to enforcement of Rehab Act Section 504 in the *most important case* that has ever come before that DOJ, in my view)