UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANDREW U. D. STRAW, )<br>)<br>　　　Plaintiff )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF JUSTICE, )<br>)<br>　　　Defendant ) | No. 2:25-cv-00379-JAW |

### RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Because I granted Andrew U. D. Straw's application to proceed *in forma pauperis*, *see* Order (ECF No. 15), his complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B).

In his complaint, Straw brings a claim under Section 504 of the Rehabilitation Act against the United States Department of Justice (DOJ) "for its deliberate indifference to [his] disability-related rights during the course of" his civil lawsuit against the United States in the Eastern District of North Carolina.  Complaint at 1. He "seeks compensatory damages for the DOJ's failure to provide necessary accommodations and for its persistent refusal to prevent or remedy disability discrimination." *Id.*

I recommend that the Court **DISMISS** Straw's complaint and **MOOT** his other pending motions for two reasons.  First, venue does not lie properly in the District of Maine as the DOJ does not reside in this District, none of the events giving rise to Straw's claims arose in this District, and Straw himself does not reside in this

1

District.  *See* 28 U.S.C. § 1391(e)(1); 14D Richard D. Freer, *Federal Practice and Procedure* § 3815, Westlaw (database updated May 2025) ("[Courts] have rejected arguments that an agency resides wherever it has a regional office . . . ."); *Reuben H. Donnelly Corp. v. FTC*, 580 F.2d 264, 267 (7th Cir. 1978) (noting that it is "settled law" that a federal agency's residence is limited "to the District of Columbia"). Second, the DOJ is immune from monetary damages under Section 504 of the Rehabilitation Act.  *See Lane v. Pena*, 518 U.S. 187, 192 (1996) (holding that Congress has not "waived the Federal Government's immunity against monetary damages awards [under the Rehabilitation Act] beyond the narrow category of § 504(a) violations committed by federal funding agencies acting as such"); *Sarvis v. United States*, No. 99-0318, 2000 WL 1568230, at *2 (2d Cir. Oct. 19, 2000) ("The waiver is limited to the funding activities of those providers, and does not reach any act of an agency that serves as a Federal provider in any context." (cleaned up)).

I also recommend that the Court **WARN** Straw again that further groundless filings may result in filing restrictions against him.  *See Straw v. Avvo Inc.*, No. 2:25-cv-00391-JAW, 2025 WL 2272164, at *7 (D. Me. Aug. 7, 2025) (providing Straw with his first *Cok* warning in this District).  If Straw responds to this recommended decision with a slew of frivolous filings, I recommend that the Court impose filing restrictions immediately as Straw is a serial litigator and his constant groundless filings waste this Court's limited resources.  *See In re McDonald*, 489 U.S. 180, 184 (1989) ("A part of the Court's responsibility is to see that [its limited] resources are

2

allocated in a way that promotes the interests of justice. The continual processing of a petitioner's frivolous [filings] does not promote that end.").

Finally, given Straw's complaint's obvious infirmities, I recommend that the Court **CERTIFY** that any appeal from its order of dismissal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court—before or after a notice of appeal is filed—certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification . . . .").

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: August 13, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge